1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

YURUB A. MOHAMED,

10
                  Plaintiff,

11
       v.

12
MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

13

14
              Defendant.

15

Case No.  C07-1552RSL

ORDER REVERSING AND
REMANDING CASE

16
17

## I.  INTRODUCTION

18
19
20
21
22
23

       This matter comes before the Court on plaintiff's appeal of the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and this matter remanded for further administrative proceedings.

24

## II.  DISCUSSION

25
26

       Plaintiff was born in Somalia in 1983.  She was admitted to the United States as a refugee in 2004.

27
28

ORDER REVERSING AND
REMANDING CASE - 1

1    When plaintiff was seven years old, she was in a devastating motor vehicle accident in

2    Somalia.  She experienced severe pain after the accident, received very limited medical

3    treatment, and was paralyzed for a year after the accident.  She subsequently regained use of her

4    legs.  As a result of the accident, plaintiff experiences lower back pain, lower extremity

5    weakness, and abnormal bowel and bladder function.

6    Plaintiff received an elementary school education in Somalia.  She does not read English,

7    although she has been taking English courses.

8    An ALJ conducted a hearing on plaintiff's claim in May 2005.  In June 2007, the ALJ

9    issued his decision denying her claim and finding that plaintiff "has not been under a 'disability'

10   as defined by the Social Security Act since April 11, 2005, the date the application was filed (20

11   CFR 416.9209g))."  Tr. 22.  The Appeals Council subsequently denied plaintiff's request for

12   review, making the ALJ's order the final agency decision for purposes of review.  Plaintiff

13   timely appealed to this Court.

14   Plaintiff alleges that the ALJ erred in three ways: (1) the ALJ failed to accord more

15   weight to the opinion of plaintiff's treating physician than to the agency's consulting evaluator;

16   (2) the ALJ erroneously characterized plaintiff's severe impairment as "degenerative disk

17   disease" and failed to properly assess her actual impairment; and (3) the ALJ failed to properly

18   address plaintiff's complaints of debilitating pain.  Plaintiff's Opening Brief at p. 2.

19   Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

20   social security benefits when the ALJ's findings are based on legal error or not supported by

21   substantial evidence in the record as a whole.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th

22   Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is

23   such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

24   Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th

25   Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical

26   testimony, and resolving any other ambiguities that might exist.  See, e.g., Andrews v. Shalala,

27

28   ORDER REVERSING AND
     REMANDING CASE - 2

1    53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a

2    whole, it may neither reweigh the evidence nor substitute its judgment for that of the

3    Commissioner.  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

4    susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

5    must be upheld.  Id.

6         In this case, the Commissioner concedes that the ALJ mischaracterized plaintiff's severe

7    impairment as "degenerative disc disease."  In fact, her impairment is described in the record as

8    "a burst type fracture of L1 with 5mm of retrolisthesis of L1 on L2, and mild left convex

9    scoliosis centered at L1" (Tr. 172) and "[o]ld L1 burst fracture with retropulsed bone and disc.

10   There is approximately 30% canal compromise and narrowing of the right foramen due to

11   retropulsed bone.  Abnormal cord signal extended from the inferior aspect of T12 to the L1-2

12   level.  T12-L1 disc collapse and dessication."  Tr. 183.  Her treating physician, Dr. Eve

13   Paretsky, stated that plaintiff "fractured a vertebra and had damage to several vertebral discs

14   with subsequent injury to several nerve roots."  Tr. 145.  Dr. Paretsky stated that plaintiff had

15   "permanent nerve damage."  Tr. 164.  In 2006, another physician evaluated an EMG/SEP study

16   and found that the results showed the absence of SEP response to pudendal nerve stimulation,

17   which suggested significant impairment of the associated neural pathways.  Tr. 225.  A

18   subsequent EMG showed "moderately severe, subacute on chronic, axonal denervation changes

19   in bilateral L2-S2 myotomes."  Tr. 220.

20        The Commissioner argues that the ALJ's mischaracterization of plaintiff's impairment

21   was a harmless error because the ALJ included all of her credible limitations when he

22   determined her residual functional capacity ("RFC").  However, before the ALJ determined

23   plaintiff's RFC at step four, he was required to determine if her impairment met or equaled the

24   severity of a listed impairment at step three.  The relevant listing is Section 1.04 (Disorders of

25   the Spine).  The regulation provides:

26        1.04 Disorders of the spine (e.g., . . . degenerative disc disease, vertebral fracture),
            resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.

27

28   ORDER REVERSING AND
     REMANDING CASE - 3

With:
A. Evidence of nerve root compression[1] . . .;
or
B. Spinal arachnoiditis, . . . ;
or
C. Lumbar spinal stenosis . . . .

20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ provided only the following analysis at step 3: "The severity of claimant's back issues does not rise to listing level.  She does not have evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication."  Tr. 14.

Although the record contains extensive evidence of nerve damage and associated pain, the ALJ simply noted that plaintiff's condition did not meet a listing without considering medical equivalence on the record.  In the absence of findings, the Court will not assume that the ALJ properly considered medical equivalence, particularly when his mischaracterization of her impairment demonstrates a lack of understanding of her actual condition.  In addition, the record is devoid of any opinions from any program physicians or consultants regarding medical equivalence.  20 C.F.R. § 416.926(a) ("We will decide that your impairment(s) is medically equivalent to a listed impairment . . . if the medical findings are at least equal in severity and duration to the listed findings"); see SSR 96-6p ("However, longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight").  Accordingly, the ALJ's error necessitates remand for further consideration of whether plaintiff's actual impairment meets or equals a listing at step three.

---

[1] Plaintiff argues that "the record contains multiple references to nerve root compression."  Plaintiff's Opening Brief at p. 16.  However, none of the pages she cites references nerve root compression.  The Court lacks the expertise and the information to determine if the evidence of damage to plaintiff's nerves and spine includes nerve root compression, and the physicians do not use those particular words.

ORDER REVERSING AND
REMANDING CASE - 4

1     Plaintiff also argues that the ALJ erred in rejecting Dr. Paretsky's opinion. Because

2  plaintiff contends that the error requires remand for a payment of benefits, the Court will also

3  address that argument.[2]  Although plaintiff broadly alleges that the ALJ "gave little weight to the

4  opinions of treating physicians," the only specific opinion she argues was improperly rejected is

5  Dr. Paretsky's opinion of March 15, 2005 that "at this time Ms. Mohamed would not be able to

6  work outside the home." Tr. 145. The ALJ gave that opinion "little weight" because Dr.

7  Paretsky "did not give any objective reasons why claimant could not do work outside the home."

8  Tr. 17. Dr. Paretsky did not state that plaintiff had any specific functional limitations. An ALJ

9  is not required to accept a conclusory statement of disability. Tonapetyan v. Halter, 242 F.3d

10 1144, 1149 (9th Cir. 2001) ("When confronted with conflicting medical opinions, an ALJ need

11 not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical

12 findings"). In addition, the ALJ noted the following: (1) in the same note, Dr. Paretsky opined

13 that plaintiff was "able to perform about 75% of her daily routine without assistance, and (2) Dr.

14 Paretsky subsequently urged plaintiff to "work towards finding a career she could do without

15 much physical pain," which is inconsistent with a total inability to work. Tr. 135. That note

16 was written only four months after the March 2005 note. Internal contradictions and

17 inconsistencies in a physician's opinion are clear and convincing reasons for not relying on the

18 opinion. See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Morgan v. Apfel,

19 169 F.3d 595, 603 (9th Cir. 1999). Accordingly, the ALJ did not improperly reject Dr.

20 Paretsky's opinion, and a remand for an award of benefits on that basis is not warranted.

21                              **III.  CONCLUSION**

22     For all of the foregoing reasons, the Court orders that this matter be REMANDED for

23 further administrative proceedings, including an evaluation of whether plaintiff's actual

24

25     [2] Because it is remanding the case, the Court need not address plaintiff's argument that

26 the ALJ improperly discounted her pain testimony. Resolution of that issue would not warrant

27 an immediate award of benefits.

28 ORDER REVERSING AND
REMANDING CASE - 5

1    impairment meets or equals a listing.

2

3          DATED this 8th day of May, 2008.

4

5

6          _Robert S. Lasnik_
           Robert S. Lasnik
7          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    ORDER REVERSING AND
      REMANDING CASE - 6